UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, et al.,<br><br>Defendants. | CASE NO. 1:17-cv-01021-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(ECF NO. 1)<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. She has consented to Magistrate Judge jurisdiction (ECF No. 5). No other parties have appeared in the action.

Plaintiff's complaint (ECF No.1) is before the Court for screening.

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless,

the mere possibility of misconduct falls short of meeting the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is serving a three year sentence in the Fresno County Jail, where the acts giving rise to her complaint arose. Plaintiff names as Defendants (1) Corizon Health, (2) Fresno County Jail, (3) Doe 1, Fresno County Sheriff, and (4) Doe 2, Correctional Officer.

Plaintiff's complaints are numerous and diverse, but can be fairly summarized as follows:

Plaintiff suffers from several medical conditions that have not been properly treated.

Her requests for medication for pain from a miscarriage or abortion have been refused.

She advised a nurse that she might have blood clots, and was given aspirin as a blood thinner. As a result, she began hemorrhaging, lost consciousness due to low blood pressure, and hit her head. She was not tested to see if she had a head injury.

She was denied follow up after an April 2016 medical test indicated a mass, possibly cancer, in her left kidney.

Defendants denied pain medication and other treatment only to save costs. Instead of treatment, Plaintiff was put into lock down.

Plaintiff also has Post Traumatic Stress Disorder ("PTSD") and a May 2017 court order that she receive medication for it. She was told she would receive her PTSD medication in two weeks, but it has been two months. She has yet to see a psychiatrist.

Plaintiff also raises sanitation concerns. She was promised clean clothing, hazard bags, and Depends for her bleeding, but has been provided none of them.

Plaintiff could not climb into her top bunk because of the miscarriage, and so took her cell mate's bottom bunk. This led to a fight with the roommate, several broken teeth

and swallowing of Plaintiff's partial dental plate. Instead of medical care, Plaintiff was told she would eventually "poop it out." Plaintiff felt humiliated.

Defendants refuse to sign plaintiff's grievances and instead rip them up. Inmates do not receive responses to grievances.

Plaintiff does not specifically identify the legal claims she wishes to make, but states that her rights under the Americans Disabilities Act ("ADA") and the Constitution have been violated. She seeks compensatory damages, medical treatment and disciplinary action against correctional officers.

**IV. Analysis**

**A. Unrelated Claims**

As an initial matter, Plaintiff brings claims arising from different events relating to different matters.

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).

Here, most of Plaintiff's claims relate to the denial of medical care, however, she also brings allegations regarding the mishandling of grievances and an altercation with her bunkmate. Although the exact claims that Plaintiff wishes to bring and the parties that Plaintiff wishes to sue are unclear, it appears these claims are not suitable for pursuit in a single action. If the claims do not arise from the same occurrence or have common questions of law or fact then Plaintiff may need to bring additional suits regarding these matters.

**B.     Parties**

    **1.     Municipal Liability**

Plaintiff sues Corizon Health and Fresno County Jail. She thus appears to intend to make a Monell claim.

"[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)). Counties may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation. Castro, 797 F.3d at 670 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691) (quotation marks omitted); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

In regards to the claims against Fresno County Jail, Plaintiff has not linked any underlying violation of her rights to a policy or practice attributable to the county, or

shown that the county knew of, and blatantly ignored, the alleged violations committed by its employees.

Plaintiff also brings claims against Corizon Health, which provides health services for Fresno County Jail, a public entity. Plaintiff may assert Monell claims against a private entity contracting with a municipality provided (1) the private entity acted under color of state law, (2) a constitutional violation occurred, and (3) the violation was caused by an official policy or custom. Tsao, 698 F.3d 1128, 1139 (9th Cir.2012). She has sufficiently alleged that Corizon was acting under color of state law. Jensen, 222 F.3d at 575-576. However, she has failed to link any violations by Corizon to a policy or practice attributable to the county or Corizon itself, or provided any facts to show the entity knew of, and blatantly ignored, constitutional violations by its staff.

Therefore, all claims against Fresno County Jail and Corizon Health will be dismissed with leave to amend. Should Plaintiff wish to bring a Monell claim against these defendants, she must clarify which policy or practice of the county contributed to a constitutional violation, or show that the county or Corizon knew of, and ignored, a constitutional violation.

### 2. Doe Defendants

Plaintiff makes general allegations regarding unspecified Doe Defendants, Doe 1 and Doe 2.

The use of Doe defendants generally is disfavored in federal court. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Plaintiff may, under certain circumstances, be given the opportunity to identify unknown defendants through discovery prior to service. Id. (plaintiff must be afforded an opportunity to identify unknown defendants through discovery unless it is clear that discovery would not uncover their identities). However, before Plaintiff may engage in discovery as to the unknown defendants, she first must link each of them to a constitutional violation. She must address each defendant

separately, i.e., Doe 1, Doe 2, Doe 3, etc., and must set forth facts describing how each Doe defendant personally participated in the violation of her constitutional rights.

In this case, Plaintiff fails to allege the specific acts that the Doe Defendants engaged in that violated her constitutional rights. These claims therefore will be dismissed with leave to amend.

### 3. Non-Parties

Plaintiff's complaint also contains allegations against "SERT Officer Dulce Gonzalez."

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief. . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). As Gonzalez is not named in the caption, the Court is unable to determine whether Plaintiff intends to proceed against her.

Accordingly, the Court will not herein address allegations against non-party Gonzalez. If Plaintiff wishes to pursue such allegations, she may amend her complaint and include Gonzalez in the caption.

### 4. Linkage

Section 1983 provides a cause of action for violations of constitutional or other federal rights by persons acting under the color of state law. Wilder, 496 U.S. at 508. To state a claim under Section 1983, the plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. Iqbal, 556 U.S. at 676-77.

Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Id. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

In this instance, Plaintiff makes no allegations regarding any specific actions taken by any individual defendants that led to her constitutional rights being violated. Since the Court is unable to analyze the claims without specific allegations, the Court will provide the relevant legal standards regarding the claims that Plaintiff may be wishing to make. If Plaintiff wishes to amend regarding these claims, she must allege specific actions taken by specific defendants that violate these standards.

### C. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). Although prison conditions may be restrictive and harsh, prison officials must provide food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted).

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 832-33 (1994) (quotations omitted). To establish a violation of this duty, the prisoner must show first, that he was incarcerated under conditions posing a substantial risk of serious harm; and second, that a prison official knew of and was deliberately indifferent to this risk. Id. at 834.

In addition, the government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). To establish an Eighth Amendment violation, a prisoner "must satisfy both the objective and subjective components of a two-part test." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). A prisoner must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) that the defendant's response to the need was deliberately indifferent. Jett v. Penner,

439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1559-1560 (9th Cir. 1991), *overruled in part on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). A mere "difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." Id. at 1058. Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

Lack of sanitation may also be a violation under the Eighth Amendment. The Ninth Circuit proscribes subjecting a prisoner to a lack of sanitation that is "severe or prolonged." Andersen v. County of Kern, 45 F.3d 1310, 1315–15 (9th Cir. 1995). Depriving inmates of the tools necessary to maintain minimally sanitary cells when a prison was in a condition of "squalor" was found to seriously threaten prisoners' health and amounted to a violation of the Eighth Amendment. See Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985). In addition, subjecting an inmate to "torn, smelly, blood- and urine-stained bedding without clean linens" for more than forty days was found to be objectively unreasonable. Torres v. Arellano, No. 1:15-cv-00575-DAD-MJS (PC), 2017 U.S. Dist. LEXIS 43555, at *17 (E.D. Cal. Mar. 24, 2017). While the Ninth Circuit has not ruled on whether a dirty, stained mattress and dirty bed linens constitute an objectively unreasonable deprivation, other Federal courts have acknowledged the necessity of providing inmates with clean mattresses and bedding on a regular basis. See Pugh v. Locke, 406 F. Supp. 318, 334 (M.D. Ala. 1976) *aff'd, in part*, 559 F.2d 283 (5th Cir. 1977) *rev'd. in part on other grounds*, 438 U.S. 781 (1978) (per curiam); Ahrens v. Thomas,

434 F. Supp. 873, 901 (W.D. Mo. 1977) modif. in part, 570 F.2d 286 (8th Cir. 1978). Toussaint v. Rushen, 553 F. Supp. 1365 (N.D. Cal. 1983).

### D. Americans with Disabilities Act

Title II of the Americans with Disabilities Act 42 U.S.C. § 12101, et seq., provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997). The Act defines "public entity" to include any state or local government and any department, agency, or other instrumentality of a state. 42 U.S.C.S. § 12131(1).

Title II of the ADA applies to municipalities and counties. Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) (applying ADA and RA to any department, agency, or other instrumentality of a state); Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1141 (9th Cir. 2001) (noting that the RA and ADA also apply to municipalities and counties). The ADA does not provide a cause of action for claims against individuals, because the proper defendant in such actions is the public entity responsible for the alleged discrimination. U.S. v. Georgia, 546 U.S. 151, 157 (2006). A prisoner may state a Title II claim based on "the alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs[.]" Id. at 157.

To state a claim under the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination

10

was on account of the plaintiff's disability. While the Rehabilitation Act ("RA") has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes," Zukle v. Regents of the Univ. of California, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted). Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); Weinrich, 114 F.3d at 978. In Duvall the Ninth Circuit stated that "[t]o recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant." 260 F.3d at 1138 (citing Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir.1998) (footnote omitted)).

### C.  **Improper Handling of Grievances**

The Due Process Clause protects Plaintiff against being deprived of protected interests without fair procedures. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, Plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance does not constitute a due process violation. See e.g., Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Additionally, the denial of a prisoner's administrative appeal generally does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). At the same time, prison administrators cannot willfully turn a blind eye to constitutional

violations being committed by subordinates. <u>Jett v. Penner</u>, 439 F.3d 1091, 1098 (9th Cir. 2006).

### D. State Law Claims

This Court may exercise jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a), which states that in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary." <u>ACI v. Varian Assoc., Inc.</u>, 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966).

To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. <u>State v. Super. Ct.</u>, 90 P.3d at 124; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir. 1988). The Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("the Board") no more than six months after the cause of action accrues. Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. <u>State v. Super. Ct. of Kings Cty. (Bodde)</u>, 90 P.3d 116, 124 (2004); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995). An action must be commenced within six months after the claim is acted upon or is deemed to be rejected. Cal. Govt. Code § 945.6; <u>Moore v. Twomey</u>, 16 Cal. Rptr. 3d 163 (Cal. Ct. App. 2004).

According to the California's Tort Claims Act a public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal.

12

Gov't Code § 844.6(d. Under California law, "'[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)). For claims based on medical malpractice, defendant has a duty "to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise." Hanson v. Grode, 76 Cal. App. 4th 601, 606 (1999).

**V.     Conclusion and Order**

Plaintiff's Complaint does not state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, she must demonstrate that the alleged acts resulted in a deprivation of her constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of her rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus her efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of her Complaint, filed August 1, 2017;
2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the Court will dismiss the action, with prejudice, for failure to comply with a court order and failure to state a claim, subject to the "three strikes" provision set forth in in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: November 7, 2017          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE