| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| SYLVIA PEREZ,<br><br>        Plaintiff,<br><br>v.<br><br>CDCR,<br><br>        Defendant. | CASE NO. 1:17-cv-01021-MJS (PC)<br><br>**ORDER REGARDING MISCELLANEOUS FILINGS**<br><br>(ECF Nos. 7, 10) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On November 7, 2017, the Court screened Plaintiff's complaint (ECF No.1) and dismissed it with leave to amend. (ECF No. 9.) Plaintiff has now filed with the Court two letters with additional information and allegations. (ECF. Nos. 7 & 10.)

Local Rule 220 requires that a complaint, or any amended complaint, be complete in itself without reference to any prior pleading. The letters Plaintiff has filed seem to relate to her claims but do not comply with Rule 220. The Court will not consider these separately filed letters in the course of screening Plaintiff's pleadings. If Plaintiff wishes the material in these letters to be considered, she must include them in her amended pleading or, if appropriate, in a separate suit.

Further, parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at

trial, or when requested by the Court). Thus, to the extent Plaintiff intends her letters to serve as evidentiary support for her complaint, they are not properly filed at this time. The Court cannot and will not serve as a repository for Plaintiff's evidence (e.g., prison or medical records, affidavits, declarations, etc.).

Filing of such papers could subject to Plaintiff to sanctions. See Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (holding that in exercising its power to control its own docket, the Court may impose sanctions).

IT IS SO ORDERED.

Dated: November 14, 2017         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE