UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA PEREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CORIZON HEALTH, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:17-cv-01021-MJS (PC)<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE TO THIS MATTER**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>(ECF NO. 13)<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a prisoner confined at the Fresno County Jail. She is proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. She has consented to Magistrate Judge jurisdiction (ECF No. 5). No other parties have appeared in the action.

On November 07, 2017, this Court screened Plaintiff's complaint and found it stated no cognizable claims. (ECF No. 9.) Plaintiff was given leave to file an amended complaint. (Id.)

Plaintiff's first amended complaint (ECF No. 13) is before the Court for screening.

**I.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.     Plaintiff's Allegations**

Plaintiff is serving a three year sentence in the Fresno County Jail, where the acts giving rise to her complaint arose. Plaintiff names as Defendants (1) Tojra C, Correctional Officer, (2) Officer Her, Correctional Officer (3) Officer Hernandez, Correctional Officer, (4) Corizon Health, and (5) Fresno County Jail.

Plaintiff's allegations are numerous and diverse, but can be fairly summarized as follows:

Plaintiff raises sanitation concerns. Plaintiff was denied clean clothing and bedding. Plaintiff has not been provided personal sanitation items for hemorrhaging.

Plaintiff suffers from several medical conditions that have not been properly treated.

Corizon health removed Plaintiff's top teeth and did not replace them. Plaintiff cannot eat or chew food. She was not given a liquid diet.

Plaintiff has been hemorrhaging for seven months and has not received proper medical treatment.

She was denied follow up after an April 2016 medical test indicated a mass, possibly cancer, in her left kidney.

Defendants denied pain medication and other treatment to save costs. Instead of treatment, Plaintiff was put into lock down.

Fresno County Jail staff knew Plaintiff could not climb into her top bunk because of a miscarriage, and so Plaintiff took her cell mate's bottom bunk. This led to a fight with the cell mate, but Fresno County Jail did nothing to help or stop the fight.

Defendants refuse to sign plaintiff's grievances and instead rip them up.

Plaintiff now adds the following claims to those, discussed above, which were found non-cognizable on initial screening:

Defendant Hernandez called Plaintiff a "bitch" and threatened her life if she filed grievances.

Defendant Tojra twisted Plaintiff's finger nails off, drawing blood. Defendant Tojra also fractured Plaintiff's wrist with handcuffs and hit Plaintiff, even though Plaintiff was not resisting. Defendant Tojra called Plaintiff a "bitch" and was angry because Plaintiff filed grievances. Defendant Her failed to protect Plaintiff from Defendant Tojra. Defendant Her also elbowed Plaintiff in the back and head. Defendants Tojra and Her called Plaintiff a "bitch" and a "snitch" for filing grievances. When Plaintiff asked for medical care during this assault Defendants Her and Tojra said they would lie and say Plaintiff was threatening them and that Plaintiff hit her own head.

Plaintiff does not specifically identify the legal claims she wishes to make, but states that her rights under the Eighth Amendment been violated. She seeks compensatory damages, medical treatment, and disciplinary action against correctional officers.

**IV.     Analysis**

    **A.     Unrelated Claims**

As an initial matter, Plaintiff brings claims that arise from a variety of wholly unrelated events. Many of these claims were not presented in her initial complaint.

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim

arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). The "same transaction" requirement refers to similarity in the factual background of a claim. Coughlin, 130 F.3d at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Here, Plaintiff brings claims that are not properly joined in a single action. Plaintiff's claims relate to officer force, medical care, mishandling of grievances, and an altercation with her bunkmate. These involve different parties, occurred at different times, and involve different legal questions. The fact that all of Plaintiff's allegations occurred in the same institution does not make the claims related for purposes of Rule 20(a). Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. That does not appear to be the case here.

Plaintiff previously was advised of the applicable pleading standard regarding joinder. She nonetheless failed to cure defects identified in her original pleading relating to joinder, and indeed, brought additional unrelated claims apparently alleging excessive force against Defendants not named in the previous complaint. Although Plaintiff was given the opportunity to amend, it was not for the purposes of adding new claims. George, 507 F.3d at 607.

Plaintiff's allegations against Defendants Tojra, Her, and Hernandez are unrelated to her original complaint and are not properly joined in this action. If Plaintiff wishes to

1  pursue these claims, she should do so in a separate action. The claims should be
2  dismissed without prejudice to their being brought in a separate case.[1]

3  The Court will review herein only those allegations related to Plaintiff's original complaint, namely those regarding denial of medical care, inadequate sanitation, mishandling of grievances, and the altercation with Plaintiff's cell mate. Although some of these claims may also be improperly joined, the Court nonetheless also concludes that all of them fail to state a claim.

**B.  Parties**

**1.  Municipal Liability**

Plaintiff sues Corizon Health and Fresno County Jail. It is unclear exactly on what grounds Plaintiff wishes to bring claims against these Defendants, however while in their care Plaintiff alleges that she received inadequate medical care, inadequate access to sanitation materials, and was inadequately protected from other inmates. These allegations all fail to state a claim.

Counties may be liable under section 1983. "[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)). Counties may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation. Castro, 797 F.3d at 670 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691) (quotation marks omitted); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is

---

[1] Plaintiff does not allege the dates of these incidents and thus the Court has no information indicating that Plaintiff would be prejudiced by the statute of limitations in bringing a separate suit based on these allegations. See Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015).

an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

Monell claims may also be asserted against a private entity contracting with a municipality provided (1) the private entity acted under color of state law, (2) a constitutional violation occurred, and (3) the violation was caused by an official policy or custom. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir.2012).

As in her previous complaint, Plaintiff has not linked any underlying violation of her rights to a policy or practice attributable to Fresno County or Corizon Health, nor shown that the County or Corizon knew of, and blatantly ignored, violations committed by its employees. Plaintiff's allegations that Fresno County Jail staff knew that Plaintiff would get into a fight with her bunkmate appear to be purely speculative. See Iqbal, 556 U.S. at 678. Likewise, Plaintiff's other allegations are conclusory and lack substance and do not rise above the level of speculation. See Twombly, 550 U.S. at 555. None of Plaintiff's allegations point to any policy or practice that led to the violation of her rights.

Claims against Fresno County Jail and Corizon Health therefore should be dismissed. Plaintiff was previously advised of the pleading standard and was unable to cure the defects. Further amendment appears futile and these claims should be dismissed with prejudice.

**2. Linkage**

Plaintiff's amended complaint again attributes no specific actions to any individuals that are alleged to have violated her constitutional rights.

Section 1983 provides a cause of action for violations of constitutional or other federal rights by persons acting under the color of state law. Wilder, 496 U.S. at 508. To state a claim under Section 1983, the plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. Iqbal, 556 U.S. at 676-77.

Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Id. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

As noted above Plaintiff's claims against Fresno County Jail and Corizon Health fail to state a claim. Plaintiff names no other Defendants in relation to her claims regarding denial of medical care, inadequate sanitation, the altercation with her bunkmate, or the mishandling of grievances. The Court cannot evaluate the potential viability of the claims that are not factually linked to any individual defendant.

Plaintiff was previously advised regarding defects in her complaint and what she had to do to correct the deficiencies. Plaintiff has not corrected those problems; indeed she compounded them by bringing additional unspecified claims, providing no information as to what the various Defendants had done to violate her rights, and only providing brief and conclusory statements relating to her medical care, access to sanitation, safety, or the processing of grievances. The fact that Plaintiff failed to correct identified pleading defects when given the opportunity to do so is reason to believe she cannot correct them. No useful purpose would be served in once again pointing out the deficiencies and giving Plaintiff another opportunity to amend. Plaintiff's claims should be dismissed with prejudice.

**V.     Conclusion and Order**

No Defendants have appeared before this court to consent to Magistrate Judge jurisdiction. Accordingly, the Clerk's Office is HEREBY DIRECTED to randomly assign this matter to a district judge pursuant to Local Rule 120(e).

Plaintiff's first amended complaint fails to state a cognizable claim. Plaintiff previously was advised of pleading defects and afforded the opportunity to cure them. She failed to do so. Further leave to amend appears futile and should be denied.

Accordingly, it is HEREBY RECOMMENDED that the first amended complaint be DISMISSED without leave to amend. Plaintiff's general claims of Eighth Amendment violations relating to denial of medical care, lack of access to sanitation materials, the altercation with her bunkmate, and the mishandling of grievances fail to state a claim and should be dismissed with prejudice. Plaintiff's specific claims against Defendants Tojra, Her, and Hernandez are improperly joined and should be dismissed without prejudice to her bringing them in a separate action.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 5, 2017          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE